## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**PRESTON LEROY ABLES**                                                                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.: 1:23-cv-00028-HSO-BWR**

**BRUCE NELSON, et al.**                                                                               **DEFENDANTS**

### REPORT AND RECOMMENDATION

On February 3, 2023, *pro se* Plaintiff Preston LeRoy Ables filed this Complaint under 42 U.S.C. § 1983 and Mississippi state law, alleging that Defendants Bruce Nelson and Mike Ezell denied him adequate medical care for an injury he sustained while housed as a pretrial detainee at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi. Compl. [1]; Resp. [13]. On October 24, 2023, the Court set this matter for a screening hearing on December 13, 2023, in Gulfport, Mississippi. Order [22]. The Order Setting Omnibus Hearing was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "No longer at this facility." Envelope [24]. Plaintiff has not notified the Court about a change of address, despite being warned multiple times that it is his responsibility to provide the Clerk of Court with his current address. *E.g.*, Order [3] at 2; Order [5] at 2; Order [6] at 2-3; Order [8] at 2; Order [10] at 3; Order [11] at 2; Order [12] at 2; Order [14] at 2-3; Order [22] at 3; Order [25] at 1.

On December 13, 2023, the Court came to order at the appointed time and announced Plaintiff's case. Plaintiff name was called inside the courtroom multiple times without a response. Plaintiff's name was then called in the hallway outside the

courtroom, again without a response. Counsel for Defendants represented to the Court that Plaintiff had been released from JCADC custody because his criminal case was *nolle prossed*. She further represented to the Court that Defendants were not apprised of Plaintiff's current whereabouts.

The Court subsequently entered an Order to Show Cause [29], directing Plaintiff to "file a written response on or before December 28, 2023, showing cause why his failure to appear at the omnibus hearing . . . should not result in dismissal of this suit for failure to prosecute and obey Court Orders." Order [29] at 2-3 (emphasis omitted). Plaintiff was warned that "[f]ailure to comply with this Order by timely filing a written response will result in an immediate recommendation to the District Judge that this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders." *Id.* at 3. The Order to Show Cause [29] was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable in an envelope marked, "No longer at this facility." Envelope [30].

Based on Plaintiff's failure to appear at the screening hearing, and his failure to keep the Court apprised of his current address, the undersigned finds that Plaintiff no longer demonstrates interest in prosecuting his claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff Preston LeRoy Ables's Complaint be dismissed without prejudice for failure to prosecute.

2

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. An objecting party must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this 4th day of January, 2024.

s/ *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE