IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PRESTON LEROY ABLES | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:23-cv-28-HSO-BWR |
| | § | |
| BRUCE NELSON and MIKE EZELL | § | DEFENDANTS |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [31] AND DISMISSING THE CASE WITHOUT PREJUDICE**

BEFORE THE COURT is United States Magistrate Judge Bradley W. Rath's Report and Recommendation [31], which recommends this civil action be dismissed without prejudice for failure to prosecute. R. & R. [31] at 2. After due consideration of the Report and Recommendation [31], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [31] should be adopted as the finding of this Court, and that Plaintiff Preston LeRoy Ables's claims should be dismissed without prejudice.

1

I. BACKGROUND

A.   Factual background

On February 3, 2023, pro se Plaintiff Preston LeRoy Ables ("Plaintiff" or "Ables") filed a Complaint [1] against Defendants Mike Ezell ("Ezell") and Tyrone Nelson ("Nelson") (incorrectly identified by Plaintiff as "Bruce Nelson"), alleging claims pursuant to 42 U.S.C. § 1983.  Compl. [1] at 3-10; Resp. [13] at 1. Ables alleges that his rights were violated by Ezell and Nelson at the Jackson County Adult Detention Center because Nelson and Ezell failed to provide Ables with adequate medical attention after he tripped over a stool. Compl. [1] at 5; Resp. [13] at 1.

B.   Procedural history

After Ables filed his Complaint [1], the Magistrate Judge entered an Order [10] granting Ables's Motion [7] to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Order [10] (filed under seal). The Magistrate Judge then entered an Order [11] Requiring Plaintiff to Respond and clarify under which laws his claims arose by May 30, 2023. Order [11] at 1. Plaintiff failed to do so by the deadline, and thus, on June 5, 2023, the Magistrate Judge entered an Order [12] to Show Cause, requiring Plaintiff to respond to the previous Order [11] by June 20, 2023. Order [12] at 1. That Order [12] warned Plaintiff that failure to "advise this Court of a change of address or failure to timely comply with any order of the Court will be deemed a purposeful delay and contumacious act by Plaintiff and will result in this lawsuit being dismissed without prejudice and without further notice." *Id*. at

2. Plaintiff filed a Response [13] on June 16, clarifying that his claims arose under § 1983 and Mississippi law. Resp. [13] at 1.

On October 24, 2023, the Magistrate Judge entered an Order [22] Setting Omnibus Hearing for December 13, 2023. *See* Order [22]. The Magistrate Judge warned Plaintiff that "failure to prosecute, obey orders of the Court, or keep the Court informed of a current address may result in dismissal of this lawsuit, . . ." *Id.* at 3. The Order [22] was mailed to Plaintiff, but was returned as undeliverable on November 2, 2023. *See* Envelope [24]. This Court subsequently entered an Order [25] referring the case to the Magistrate Judge on November 3, 2023, *see* Order [25], which was also mailed to Plaintiff and returned as undeliverable on November 15, 2023, *see* Envelope [26].

On November 22, 2023, Defendants Nelson and Ezell filed a Motion [27] for Summary Judgment based upon Plaintiff's failure to exhaust his administrative remedies by failing to file a grievance before bringing his claims. *See* Mem. [28] at 4-6. Plaintiff did not file a response to the Motion.

On December 13, 2023, the Magistrate Judge held the omnibus hearing, but Plaintiff failed to appear. *See* Minute Entry, December 13, 2023. Plaintiff's name was called three times inside the Courtroom and outside the Courtroom entrance with no response. *Id.* On the same day, the Magistrate Judge entered an Order [29] to Show Cause, requiring Plaintiff show cause for "why his failure to appear at the omnibus hearing and failure to respond to Defendants' Motion for Summary Judgment [27] should not result in dismissal of this suit for failure to prosecute and

3

obey Court Orders." Order [29] at 2-3. The Order [29] was mailed to Plaintiff but was returned as undeliverable. *See* Envelope [30].

On January 4, 2023, the Magistrate Judge entered a Report and Recommendation [31] recommending that Plaintiff's Complaint [1] be dismissed without prejudice for failure to prosecute. *See* R. & R. [31] at 1-3. The Magistrate Judge pointed out that Plaintiff's failure to appear at the omnibus hearing and failure to keep the Court advised of his current address shows he "no longer demonstrates interest in prosecuting his claims." *Id.* at 2 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Report and Recommendation [31] was mailed to Plaintiff, but was returned as undeliverable on January 12, 2024. *See* Envelope [32]. Ables has not filed an objection to the Report and Recommendation [31], and the time for doing so has passed. *See* R. & R. [31] at 3.

## II.  DISCUSSION

Where a party has filed objections to a magistrate judge's report and recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made").

However, where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those

4

portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [31] is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [31] as the opinion of this Court, and Plaintiff Preston LeRoy Ables's Complaint [1] will be dismissed without prejudice for failure to prosecute. The Court will deny Defendants Ezell and Nelson's Motion [27] for Summary Judgment as moot. As such, Ables's Complaint [1] should be dismissed.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [31] of United States Magistrate Judge Bradley W. Rath entered in this case on January 4, 2024, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Preston LeRoy Ables's Complaint [1] is **DISMISSED WITHOUT PREJUDICE**, and Defendants Mike Ezell and Tyrone Nelson's Motion [27] for Summary Judgment is **DENIED** as moot.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 1st day of February, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE